UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **ERNEST PRETE,**<br>                    **Plaintiff,**<br><br>v.<br><br>**JPMORGAN CHASE BANK, N.A. D/B/A CHASE BANK, FORMERLY KNOWN AS THE CHASE MANHATTAN BANK, AS PREDECESSOR IN INTEREST TO SOVEREIGN BANK,**<br><br>**SANTANDER BANK, N.A., AS SUCCESSOR IN INTEREST TO SOVEREIGN BANK,**<br><br>**CASA INVESTMENTS COMPANY, and**<br><br>**XIPHIAS ENTERPRISES, INC.,**<br>                    **Defendants.** | <u>C.A. NO.</u><br><br><u>IN ADMIRALTY</u> |

**COMPLAINT**

Plaintiff, Ernest Prete, by way of Complaint against the Defendants, says:

**JURISDICTION AND VENUE**

1. Plaintiff, Ernest Prete, brings this suit against the Defendants under the provisions of 46 U.S.C. § 31343 for the purposes of obtaining a declaration that the vessel is not subject to a lien on the record title of the M/V SOLITUDE (O.N. 1030741).

2. Venue lies within this District under the provisions of 46 U.S.C. § 31343 as the M/V SOLITUDE is currently located within this district.

## PARTIES

3. Plaintiff, Ernest Prete ("Plaintiff"), is an individual domiciled in Massachusetts and is the owner of M/V SOLITUDE, a documented vessel of the United States, Official Number 1030741.

4. Defendant JPMorgan Chase Bank, N.A. d/b/a Chase Bank, formerly known as the Chase Manhattan Bank, as predecessor in interest to Sovereign Bank ("Chase Manhattan") is a national bank with its headquarters at 270 Park Avenue, Manhattan, New York City, New York.

5. Defendant Santander Bank, N.A. ("Santander"), as successor in interest to Sovereign Bank ("Sovereign"), is a wholly-owned subsidiary of Banco Santander, S.A./Santander Group with its headquarters at 75 State Street, Boston, Massachusetts.

6. Defendant CASA Investments Company ("CASA") is an investment services and securities company with its headquarters at 16670 Milton Avenue, Lake Milton, Ohio.

7. Defendant Xiphias Enterprises, Inc. is a Massachusetts corporation dealing in auto sales and service with its principal place of business at 830 West Main Street, Hyannis, Massachusetts.

## FACTS

### Introduction

8. In August of 2018, the Plaintiff was in negotiations with a potential buyer of the M/V SOLITUDE, Plaintiff's 1994 Albamarle Cabin Cruiser vessel, Hull ID XWR32071C494, O.N. 1030741 ("the Vessel"), when the potential buyer's financing entity discovered that Sovereign had an apparently outstanding lien on the Vessel, which was previously unbeknownst to Plaintiff.

9. Plaintiff reached out to Jay Goodwin ("Goodwin") of Xiphias Enterprises Inc. ("Xiphias"), the broker through which he had purchased the Vessel, to verify that Plaintiff indeed held good, clean title to the Vessel.

10. Xiphias, through Goodwin, told Plaintiff that he would reach out to Santander, who had acquired Sovereign in 2008, to find out more information.

11. Jason Mead, branch manager of Santander in Hyannis, Massachusetts, informed Goodwin that the mortgage account had been sold to CASA by Sovereign many years ago, and provided contact information for CASA employee Ron Friend ("Friend").

12. As of today's date, Xiphias has not resolved the title issue and has otherwise failed to adequately address the problem.

13. Plaintiff was therefore forced to retain counsel to investigate the title issue.

14. An Abstract of Title from the National Vessel Documentation Center obtained on August 23, 2018 revealed an Assignment of Mortgage from Chase Manhattan to Sovereign which was never marked satisfied with the Coast Guard. See Exhibit 1.

15. A search of the file history at the Massachusetts Environmental Police's Registration and Titling Office on September 11, 2018 revealed two prior owners of the Vessel—John Levantakis ("Levantakis"), who owned the Vessel from 2000 until 2011, and Andrew Wheeler, who owned the Vessel from 2011 until 2014 when he conveyed the Vessel to Plaintiff.

16. During telephone conversations on September 10, 2018 and September 13, 2018, Friend stated that CASA had a Power of Attorney from Sovereign to enforce the mortgage, that the mortgage was not satisfied, and that the balance was $113,000.00.

17. Friend stated that CASA could not provide any documentation of the debt because the file was too old, that CASA would not issue a Satisfaction of Mortgage without a payment of $25,000.00 to satisfy the debt.

18. During telephone conversations on September 17, 2018 and September 18, 2018, after numerous attempts by Plaintiff to resolve the title issue, Friend finally disclosed that the mortgage had been reduced to a deficiency judgment with a principal of $63,000.00 which was allegedly issued after the original mortgagor, Scott Follett, had filed bankruptcy in New York.

<u>Title History</u>

19. On August 17, 1996, Catherine A. Follett and Scott H. Follett (Scott H. Follett is referred to individually as "Follett" hereinafter) took out a First Preferred Mortgage on the Vessel ("the mortgage") through Ganis Credit Corporation ("Ganis"). See Exhibit 1.

20. On January 8, 1998, Follett filed for bankruptcy in the U.S. Bankruptcy Court of the Eastern District of New York, Bankruptcy Petition #: 8-98-80214-MLC. See Bankruptcy Docket, #1.

21. On February 18, 1998, the mortgage was transferred from Ganis to BankBoston, N.A. ("BankBoston"), to Wilmington Trust Company, Trustee of Bank Boston Marine Asset Backed Trust 1997-2, to Chase Manhattan. See Exhibit 1.

22. On April 27, 1998, a notice of appearance in the bankruptcy case was filed by counsel for BankBoston. See Bankruptcy Docket, #24.

23. On December 9, 1998, the bankruptcy court issued an order granting Follett's application to abandon and surrender to Ganis (at that time Chase Manhattan) a boat known as 1994

Albermale [sic] 32 Express Boat, Hull ID XWR32071C494 (the Vessel). See Bankruptcy Docket, #88.

24. On February 11, 1999, the Court Amended its Order to require Ganis to file a proof of claim for any deficiency by July 1, 1999. See Bankruptcy Docket, #114.

25. After a diligent search, Plaintiff has found no record of any deficiency judgment issued to Ganis, BankBoston, or Chase Manhattan.

26. On June 15, 1999, Chase filed a "notice of intention to exercise non-judicial remedy against a U.S. documented vessel" with the National Vessel Documentation Center. See Exhibit 1.

27. Follett was discharged by Court Order on August 2, 2002. See Bankruptcy Docket, #225.

28. On September 20, 2018, Levantakis stated that he purchased the Vessel for between $107,000.00 and $117,000.00 at an auction in Connecticut where repossessed boats were being sold.

29. The Vessel was abandoned and surrendered in bankruptcy by Follett, then, upon information and belief, repossessed and sold by Chase Manhattan at the above-mentioned auction in satisfaction of the mortgage.

30. Chase Manhattan failed to record a Satisfaction of Mortgage or otherwise discharge the lien on the Vessel and instead assigned the mortgage to Sovereign on April 28, 2005. See Exhibit 1.

31. At some time after the assignment, Sovereign transferred its purported interests in the mortgage to CASA, who now claims to hold an enforceable deficiency judgment arising from the mortgage.

<u>Willful Refusal to Discharge Mortgage</u>

32. On or about September 22, 2018, Plaintiff sent a demand letter to CASA in a final attempt to resolve the matter amicably, requesting that CASA provide Plaintiff with both a copy of its Power of Attorney from Sovereign and a signed Satisfaction of Mortgage in light of the above facts.

33. CASA refused to comply with the demand and request for documentation and orally stated, through its employee Friend, that CASA would not execute a Satisfaction of Mortgage for less than $2,500.00. See Exhibit 2.

### COUNT I: DEFENDANTS' FAILURE TO RECORD A DISCHARGE OF LIEN

34. Plaintiff realleges all facts set forth in the foregoing paragraphs.

35. Defendants Chase Manhattan, Santander, and CASA have failed and refused to execute and record a discharge of lien as required by 46 U.S.C. § 31343.

36. Defendants Chase Manhattan, Santander, and CASA have had ample opportunity to remove the lien from the vessel record title and have failed and refused to do so despite repeated requests.

37. To the extent that Chase Manhattan, Santander, and CASA might assert or allege any maritime lien, their claims are barred by laches and estoppel.

38. Plaintiff seeks actual damages, statutory damages, attorneys' fees, costs, and all other relief, legal or equitable in nature, as deemed appropriate by the court, pursuant to 46 U.S.C. § 31343(c)(2) and all other common or statutory law.

### COUNT II: CASA'S VIOLATION OF THE FEDERAL DEBT COLLECTION PRACTICES ACT

39. Plaintiff realleges all facts set forth in the foregoing paragraphs.

40. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692(a)(3).

41. CASA is a "debt collector" as defined by 15 U.S.C. § 1692(a)(6).

42. CASA violated on many occasions the provisions of the Federal Debt Collection Practices Act ("FDCPA"), which bars the use of false, deceptive and/or misleading representations in connection with the collection of any debt and specifically prohibits the use of false representations as to the character, amount, or legal status of any debt under 15 U.S.C.A. § 1692(e)(2)(A).

43. CASA refused to provide any documentation in support of its allegations that it holds a valid and enforceable lien on the Vessel.

44. CASA failed to investigate the underlying facts to determine whether the debt was valid prior to demanding that Plaintiff pay any monies to obtain a Satisfaction of Mortgage.

45. CASA willfully omitted material facts pertinent to the allegedly outstanding mortgage and knowingly misrepresented the character, amount, and legal status of the mortgage.

46. Plaintiff seeks actual damages, statutory damages, attorneys' fees, costs, and all other relief, legal or equitable in nature, as deemed appropriate by the court, pursuant to the FDCPA and all other common or statutory law.

## COUNT III: CASA'S VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT

47. Plaintiff realleges all facts set forth in the foregoing paragraphs.

48. CASA violated the provisions M.G.L. c. 93A § 2 ("93A"), which outlaws unfair or deceptive acts or practices in the conduct of any trade or commerce, when it attempted to collect from the Plaintiff debt amounts not owed and when it failed to disclose bankruptcy information to Plaintiff for further investigation until almost two weeks after

Plaintiff's initial conversation with CASA's agent, Friend, thus negatively impacting Plaintiff's legal rights and financial decision-making.

49. CASA violated 93A when it violated the FDCPA because a violation of the FDCPA constitutes a per se violation of 93A.

50. Under the provisions of 93A § 9, CASA does not maintain a place of business or keep assets within the commonwealth so a demand is not required, however, Plaintiff, in good faith, sent a demand via certified mail and regular mail to CASA as well as a follow-up letter confirming receipt of such.

51. CASA has willfully and in bad faith refused to offer a reasonable resolution to this matter in the face of the above facts.

52. Plaintiff seeks actual damages, statutory damages, attorneys' fees, costs, and all other relief, legal or equitable in nature, as deemed appropriate by the court, pursuant to 93A and all other common or statutory law.

## COUNT IV: XIPHIAS' BREACH OF CONTRACT

53. Plaintiff realleges all facts set forth in the foregoing paragraphs.

54. Pursuant to the Marine Purchase and Sale Agreement executed by the parties on January 1, 2014, Xiphias sold the Vessel "free and clear of all debts, claims, liens and encumbrances of any kind whatsoever" and warranted to "defend that he has good and marketable title thereto."

55. Xiphias breached its express warranties and duties under the contract by failing to make a reasonable inquiry into the chain of title and clear up any title issues prior to its conveyance to Plaintiff.

56. Xiphias breached its express warranties and duties under the contract by failing to address Plaintiff's inquiries as to the lien and forcing Plaintiff to incur the expenses of retaining legal counsel to handle the matter.

57. Plaintiff seeks actual damages, statutory damages, attorneys' fees, costs, and all other relief, legal or equitable in nature, as deemed appropriate by the court, pursuant to all common and statutory laws.

WHEREFORE, Plaintiff prays that this Court:

Enter an Order in accordance with the provisions of 46 U.S.C. §31343(c)(2) that:

1. The M/V SOLITUDE (O.N. 1030741) is not subject to any liens claimed by the Defendants;

2. Award Plaintiff its costs and legal fees of this action as provided by statute;

3. Award Plaintiff its damages arising from impairment of title by Defendants;

4. Award Plaintiff multiple damages for the willful violations of both the FDCPA and 93A by CASA; and

5. Grant the Plaintiff such further relief as this Court deems just and proper.

    Respectfully submitted,
    Ernest Prete
    By its attorneys,

    /s/ David S. Smith
    _____
    David S. Smith, Esq.
    BBO No.: 634865
    dsmith@farrellsmith.com
    Farrell & Smith, LLP
    60 Washington Street, Suite 303
    Salem, Massachusetts 01970
    Tel: 978-744-8918
    Fax: 978-666-0383

Dated: October 5, 2018